Williams, Judge,
delivered the opinion of the court:
The plaintiff, Florence E. Hill, widow of Henry L. Kingsbury, a deceased temporary warrant clerk, United States *742 Coast Guard, brings this suit on behalf of herself and minor son, Robert Henry Kingsbury, to recover a sum equal to two years’ pay at the rate received by such officer at the time of his death, basing her right to recover on the provisions of the act of May 4, 1882, as amended (now section 106, title 14, United States Code); or in the event that the claim for the two years’ death gratuity pay be denied, plaintiff in her own right seeks to recover the six months’ death gratuity pay under the provisions of the act of June 4, 1920.
The act of May 4, 1882, chap. 117, section 8, 22 Stat. 57, provides:
“ That if any keeper or member of a crew of a life-saving or life-boat station shall hereafter die by reason of perilous service or any wound or injury received or disease contracted in the Life Saving Service in the line of duty, leaving a widow, or a child or children under sixteen years of age, such widow and child or children shall be entitled to receive, in equal portions, during a period of two j^ears, under such regulations as the Secretary of the Treasury may prescribe, the same amount payable quarterly, as far as practicable, that the husband or father would be entitled to receive as pay if he were alive and continued in the service: Provided, That if the widow shall remarry at any time during the said two years, her portion of said amount shall cease to be paid to her from the date of her remarriage, but shall be added to the amount to be paid to the remaining beneficiaries under the provisions of this section, if there be any; and if any child shall arrive at the age of sixteen years, during the said two years, the payment of the portion of such child shall cease to be paid to such child from the date on which such age shall be attained, but shall be added to the amount to be paid to the remaining beneficiaries, if there be any.”
The act of March 26, 1908, chap. 99, section 3, 35 Stat. 46, amended this act with a provision that a dependent mother should receive the same allowance as that paid to a widow or child of the deceased.
The act of January 28, 1915, 38 Stat. 802, established in lieu of the then existing Revenue Cutter Service and LifeSaving Service the Coast Guard. Section 2 of this act provided :
“ Except as herein modified all existing laws relating either to the present Life-Saving Service or the present *743 Revenue Cutter Service shall remain of force as far as applicable to the Coast Guard.”
and section 3 provides:
“ That all existing laws affecting rank, pay and allowances in the present Life-Saving Service and the present Revenue Cutter Service shall apply to the corresponding positions in the Coast Guard and the officers and men transferred thereto and their successors.”
The act of May 4, 1882, as amended by the acts of March 26, 1908, and January 28, 1915 (now section 106, title 14, United States Code), reads:
“ Gratuities to widow or dependent of deceased officer, etc. If any officer, warrant officer, or enlisted man, on the active list in the Coast Guard, shall hereafter die by reason of perilous service or any wound or injury received or disease contracted in the Life Saving Service in the line of duty, leaving a widow, or a child or children under sixteen years of age, or a dependent mother, such widow and child or children and dependent mother shall be entitled to receive in equal portions, during a period of two years, under such regulations as the Secretary of the Treasury may prescribe, the same amount, payable quarterly as far as practicable, that the husband or father or son would be entitled to receive as pay if he were alive and continued in the service: Provided, That if the widow shall remarry at any time during the said two years, her portion of said amount shall cease to be paid to her from the date of her remarriage, but shall be added to the amount to be paid to the remaining beneficiaries under the provisions of this section, if there be any; and if any child shall arrive at the age of sixteen years during the said two years, the portion of such child shall cease to be paid to such child from the date on which such age shall be attained, but shall be added to the amount to be paid to the remaining beneficiaries, if there be any.”
The act of June 4, 1920, 41 Stat. 824 (section 943, title 34, United States Code), provides:
“ Immediately upon official notification of the death from wounds or disease, not the result of his or her own misconduct, of any officer, enlisted man, or nurse on the active list of the regular Navy or regular Marine Corps, or on the retired list when on active duty, the Paymaster General of the Navy shall cause to be paid to the widow, and if there be no widow, to the child or children, and if there be no widow or child, to any other dependent relative of such officer, en *744 listed man, or nurse previously designated by him or her, an amount equal to six months’ pay at the rate received by such officer, enlisted man, or nurse at the date of his or her death. The Secretary of the Navy shall establish regulations requiring each officer and enlisted man or nurse having no wife or child to designate the proper dependent relative to whom this amount shall be paid in case of his or her death. Said amount shall be paid from funds appropriated for the pay of the Navy and pay of the Marine Corps, respectively: Provided, That nothing in this section or in other existing legislation shall be construed as making the provisions of this section applicable to officers, enlisted men, or nurses of any forces of the Navy of the United States other than those of the regular Navy and Marine Corps, and nothing in this section shall be construed to apply in commissioned grades to any officers except those holding permanent or probationary appointments in the regular Navy or Marine Corps: Provided, That the provisions of this section shall apply to the officers and enlisted men of the Coast Guard, and the Secretary of the Treasury will cause payment to be made accordingly.”
The right of plaintiff to recover for herself and infant son' the two years’ gratuity pay provided in the act of May 4, 1882, as amended, depends upon whether the act is still in force and effect, the defendant contending that it was repealed by the act of June 4, 1920.
The act of June 4, 1920, carries no provision expressly repealing the former act, and plaintiff lays much stress upon the fact that the 1882 statute as amended was reenacted by Congress in the codification of the permanent laws of the United States in 1926, as indicating that Congress intended that it should remain the law despite the act of June 4, 1920.
We do not think the inclusion of the 1882 act in the body of laws in the code of 1926 is material to a decision as to whether such act is now the law. If it had been repealed by the express terms of the act of 1920, no one would contend it was reenacted and became again the law merely because it was retained in the code. Congress in codifying the laws did not enact new laws. If the act of June 4, 1920, dealing with the same subject, contained provisions so contradictory and so repugnant to the provisions of the act of 1882 as to clearly indicate the intention of Congress to substitute the new law for the old, the repeal was just as effec *745 tive as if the repeal had been expressly stated. In that case it ceased to be the law and the fact that it later appeared in the code would not revitalize it with life and make it again the law.
In the United States v. Tynen, 11 Wallace 88, Mr. Justice Field laid down the rule that has since been followed by the courts:
“ There is no express repeal of the 13th section of the act of 1813 declared by the act of 1870, and it is a familiar doctrine that repeals by implication are not favored. When there are two acts on the same subject the rule is to give effect to both if possible. But if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.”
In an earlier case, Norris v. Crooker, 13 Howard 429, Mr. Justice Catron lays down the same rule:
“As a general rule, it is not open to controversy that where a new statute covers the whole subject matter of an old one, adds offenses, and prescribes different penalties for those enumerated in the old law, that then the former statute is repealed by implication; as the provisions of both can not stand together.”
The act of June 4, 1920, covers the whole subject embraced in the act of May 4, 1882, as amended. The subject matter of both acts is the granting of death gratuity benefits. The act of 1882 provided gratuity benefits on the death of “ any officer, warrant officer, or enlisted man on the active list.” The act of 1920 provides gratuity benefits on the death of “ any officer, enlisted man, or nurse on the active list,” and extends such benefits to retired officers and enlisted men when on active duty.
The act of 1882 made the gratuity granted payable to the widow, child, or children under sixteen years of age, and dependent mother, in equal portions.
The act of 1920 makes the gratuity granted payable (1) to the widow, (2) if there be no widow, to the child or *746 children, (3) if there be no child or children to any other dependent relative of such officer as he may designate.
The act of 1882 makes the gratuity payment contingent on death having resulted by reason of perilous service or any wound or injury received or disease contracted in the service in line of duty.
The act of 1920 grants the gratuity payments in the event of death from wounds or disease not the result of the officer’s, enlisted man’s, or nurse’s own misconduct.
The act of 1882 awards a death gratuity payment for two years at the salary received by decedent at the time of death.
The act of 1920 awards a death gratuity payment for an amount equaling six months’ salary of decedent at the time of death.
The statute of June 4, 1920, completely and wholly covers the subject matter of the statute of 1882.
While the two years’ gratuity pay awarded in the 1882 statute is reduced to six months’ pay by the statute of 1920, it is, taking the whole personnel of the Coast Guard into consideration, a more liberal statute than the 1882 act, in that it makes the provisions for gratuity pay applicable to all enlisted men, officers, and nurses who die while in active service from causes not due to their own misconduct, while the act of 1882 restricted the death gratuity benefits to cases where death resulted by reason of perilous service or from wounds received or disease contracted in line of duty.
While the act of 1920 does not carry any express provision repealing the former act, no one can doubt that it was the intention of Congress to substitute the new act for the old. When it is further considered that the two acts are so obviously and irreconcilably in conflict, and their provisions are so repugnant one to another that effect can not be given to both, we are compelled under the rule long established by the courts and universally adhered to in such cases to hold that the act of May 4, 1882, as amended, was repealed by the act of June 4, 1920.
Plaintiff’s claim for two years’ death gratuity pay for herself and her son, Robert Henry Kingsbury, in the sum of $4,032 must therefore be rejected.
*747 The question to be next considered is whether or not the plaintiff is entitled to the six months’ gratuity pay provided in the act of June 4, 1920.
Henry L. Kingsbury was appointed a temporary pay (warrant) clerk in the United States Coast Guard and took the oath of office December 15, 1924. He was drowned November 16, 1925, while in such service, his death not resulting from his own misconduct.
He was appointed in the Coast Guard under the act of April 21, 1924, 43 Stat. 105, 106, entitled “An act to authorize a temporary increase of the Coast Guard for law enforcement.”
“ Sec. 6. (a) Under such regulations as he may prescribe, the Secretary of the Treasury is authorized to appoint temporary warrant officers, and to make special temporary enlistments, in the Coast Guard. No person shall be entitled to retirement because of his temporary appointment or enlistment under this section.
“(b) Any enlisted man in the permanent Coast Guard may be appointed as a temporary warrant officer. Notwithstanding such temporary appointment, any such enlisted man shall be entitled to retirement in the same manner as though he had continued to hold his permanent rating, and upon the termination of such temporary appointment shall be entitled to revert to such rating. Service under any such temporary appointment shall be included in determining length of service as an enlisted man.”
The act of June 4, 1920, limits the payment of death gratuities to the widow, children, and dependents of enlisted men, officers, and nurses, of the regular forces of the Navy and Marine Corps. The proviso making the provisions of the act applicable to the Coast Guard would carry a like limitation to members of that organization:
“ Immediately upon official notification of the death * * * of any officer, enlisted man, or nurse on the active list of the regular Navy or the regular Marine Corps * * * the Paymaster General of the Navy shall cause to be paid * * *.”
Any doubt that the language of the statute above quoted excludes from the benefits therein provided officers in the temporary forces of the Coast Guard is removed by the language of the proviso immediately following:
*748 “ * * * That nothing in this section or in other existing legislation shall be construed as making the provisions of this section applicable to officers, enlisted men, or nurses of any forces of the Navy of the United States other than those of the regular Navy and Marine Corps, and nothing in this section shall be construed to apply in commissioned grades to any officers except those holding permanent or probationary appointments in the regular Navy or Marine Corps: Provided, That the provisions of this section shall apjfiy to the officers and enlisted men of the Coast Guard, and the Secretary of the Treasury will cause payment to be made accordingly.”
A decision of the Comptroller General, 6 Comp. Gen. 407, is cited on behalf of plaintiff wherein benefits under the six months’ death gratuity act were held to apply to a temporary warrant officer appointed during his enlistment in the regular Coast Guard.
The temporary officer in the case cited was an enlisted man in the regular Coast Guard at the time of his appointment as temporary warrant officer, and as such his widow was entitled to the death gratuity pay. The widow was awarded the death gratuity payment, not because her deceased husband was a temporary warrant officer but because he was an enlisted man in the regular Coast Guard.
The decision of the comptroller was based on section 8 of the act of April 21, 1924:
“ Nothing contained in this act shall operate to reduce the grade, rank, pay, allowances, or benefits that any person in the Coast Guard would have been entitled to if this act had not become law.”
The act of June 4, 1920, having authorized payment of a death gratuity equal to six months’ pay to the widow of an enlisted man, her right thereto under section 8, above quoted, was not defeated by reason of his temporary appointment as a warrant officer. He had a permanent status in the regular Coast Guard to which he would revert upon the conclusion of his services as temporary warrant officer. The case of temporary officer Kingsbury was different. As has been said, he was appointed from civil life and would automatically go back to civil life upon the termination of his tern- *749 porary service. He did not have a permanent status in the Coast Guard as an officer or otherwise.
The intent of the act undoubtedly is to encourage the building up of the permanent establishment of the Coast Guard, and its benefits are limited to members of the permanent Coast Guard establishment. The death-gratuity allowance is in the nature of a small insurance provided by the Government for the dependents of those who die in active serice, and, like the retirement and other benefits and privileges provided, tends to make permanent service in the Coast Guard more attractive.
Henry L. Kingsbury was a temporary warrant officer. The plaintiff (his widow) is not entitled to receive the six months’ death gratuity pay provided in the act of June 4. 1920, for widows of officers of the regular forces of the Coast Guard.
It is adjudged that plaintiff’s petition be dismissed, and it is so ordered.
LittletoN, Judge; GeeeN, Judge; Geaham, Judge; and Booth, Chief Justice, concur.